# IN THE UNITED STATES DISTRICT COURT FOR THE
# EASTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| KEITH E. MORRIS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. CIV-12-492-KEW |
| | ) |
| CAROLYN W. COLVIN, Acting | ) |
| Commissioner of Social | ) |
| Security Administration, | ) |
| | ) |
| Defendant. | ) |

## OPINION AND ORDER

Plaintiff Keith E. Morris (the "Claimant") requests judicial review of the decision of the Commissioner of the Social Security Administration (the "Commissioner") denying Claimant's application for disability benefits under the Social Security Act. Claimant appeals the decision of the Administrative Law Judge ("ALJ") and asserts that the Commissioner erred because the ALJ incorrectly determined that Claimant was not disabled. For the reasons discussed below, it is the finding of this Court that the Commissioner's decision should be and is REVERSED and REMANDED for further proceedings.

**Social Security Law and Standard of Review**

Disability under the Social Security Act is defined as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment. . ."

42 U.S.C. § 423(d)(1)(A). A claimant is disabled under the Social Security Act "only if his physical or mental impairment or impairments are of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy. . ." 42 U.S.C. §423(d)(2)(A). Social Security regulations implement a five-step sequential process to evaluate a disability claim. *See*, 20 C.F.R. §§ 404.1520, 416.920.[1]

Judicial review of the Commissioner's determination is limited in scope by 42 U.S.C. § 405(g). This Court's review is limited to two inquiries: first, whether the decision was supported by

---

[1] Step one requires the claimant to establish that he is not engaged in substantial gainful activity, as defined by 20 C.F.R. §§ 404.1510, 416.910. Step two requires that the claimant establish that he has a medically severe impairment or combination of impairments that significantly limit his ability to do basic work activities. 20 C.F.R. §§ 404.1521, 416.921. If the claimant is engaged in substantial gainful activity (step one) or if the claimant's impairment is not medically severe (step two), disability benefits are denied. At step three, the claimant's impairment is compared with certain impairments listed in 20 C.F.R. Pt. 404, Subpt. P, App. 1. A claimant suffering from a listed impairment or impairments "medically equivalent" to a listed impairment is determined to be disabled without further inquiry. If not, the evaluation proceeds to step four, where claimant must establish that he does not retain the residual functional capacity ("RFC") to perform his past relevant work. If the claimant's step four burden is met, the burden shifts to the Commissioner to establish at step five that work exists in significant numbers in the national economy which the claimant – taking into account his age, education, work experience, and RFC – can perform. Disability benefits are denied if the Commissioner shows that the impairment which precluded the performance of past relevant work does not preclude alternative work. *See generally,* Williams v. Bowen, 844 F.2d 748, 750-51 (10th Cir. 1988).

2

substantial evidence; and, second, whether the correct legal standards were applied. Hawkins v. Chater, 113 F.3d 1162, 1164 (10th Cir. 1997)(citation omitted). The term "substantial evidence" has been interpreted by the United States Supreme Court to require "more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson v. Perales, 402 U.S. 389, 401 (1971) (quoting Consolidated Edison Co. v. NLRB, 305 U.S. 197, 229 (1938)). The court may not re-weigh the evidence nor substitute its discretion for that of the agency. Casias v. Secretary of Health & Human Servs., 933 F.2d 799, 800 (10th Cir. 1991). Nevertheless, the court must review the record as a whole, and the "substantiality of the evidence must take into account whatever in the record fairly detracts from its weight." Universal Camera Corp. v. NLRB, 340 U.S. 474, 488 (1951); *see also*, Casias, 933 F.2d at 800-01.

### Claimant's Background

Claimant was born on June 23, 1953 and was 58 years old at the time of the ALJ's latest decision. Claimant completed his high school education and one year of college. Claimant has worked in the past as a laborer, material handler, and aircraft cleaner. Claimant alleges an inability to work beginning July 1, 2005 due to limitations resulting from depression, glaucoma, tendonitis, hearing

loss, and degenerative arthritis.

**Procedural History**

On January 27, 2005, Claimant protectively filed for disability insurance benefits under Title II (42 U.S.C. § 401, *et seq.*) of the Social Security Act. Claimant's application was denied initially and upon reconsideration. After an administrative hearing, the Administrative Law Judge ("ALJ") entered an unfavorable decision on October 18, 2007. The decision was reversed and the case remanded for further proceedings by Order of this Court on November 15, 2010. The ALJ's decision was vacated by the Appeals Council.

A second hearing was conducted on remand on July 18, 2011 before ALJ Lantz McClain in Tulsa, Oklahoma. The ALJ entered a second unfavorable decision on September 9, 2011. The Appeals Council denied review of the ALJ's decision. As a result, the decision of the ALJ represents the Commissioner's final decision for purposes of further appeal. 20 C.F.R. §§ 404.981, 416.1481.

**Decision of the Administrative Law Judge**

The ALJ made his decision at step five of the sequential evaluation. He determined that while Claimant suffered from severe impairments, he did not meet a listing and retained the residual functional capacity ("RFC") to perform less than a full range of

light work.

**Errors Alleged for Review**

Claimant asserts the ALJ committed error in (1) failing to find Claimant met the requirements of Listing 12.04; (2) improperly rejecting the opinion and report of a medical source; (3) making his step five determination; (4) failing to appropriately consider the effects of obesity on his ability to work; and (5) performing an improper credibility analysis. This Court will take these arguments slightly out of the order in which they have been asserted due to the relative importance of the issues.

**Consideration of the Report of Medical Sources**

In his decision, the ALJ found Claimant suffered from the severe impairments of history of right knee pain, hearing loss, obesity, depression, and anxiety. (Tr. 515). The ALJ determined Claimant retained the RFC to perform less than a full range of light work by occasionally lifting/carrying 20 pounds, frequently lifting/carrying 10 pounds, standing and/or walking at least 6 hours in an 8 hour workday, and sitting at least 6 hours in an 8 hour workday, all with normal breaks. Claimant was able to perform work that does not require good hearing. He was able to perform simple, repetitive tasks with no more than incidental contact with the public. (Tr. 517).

After consultation with a vocational expert, the ALJ found Claimant could perform the representative jobs of small products assembler, production assembler, and hotel housekeeper, which the vocational expert testified existed in sufficient numbers nationally and regionally. (Tr. 523-24). The ALJ, therefore, concluded Claimant was not disabled from July 1, 2005, the alleged onset date, through March 31, 2007, the date last insured. (Tr. 524).

Claimant contends the ALJ failed to properly consider and weigh the opinions of Dr. Diane Williamson and Dr. Roger D. Prock. On November 27, 2006, Dr. Williamson authored a Medical Statement Concerning Depression pertaining to Claimant's condition. She diagnosed Claimant with the depressive symptoms of anhedonia, appetite disturbance with change in weight, sleep disturbance, psychomotor agitation or retardation, decreased energy, feelings of guilt or worthlessness, difficulty concentrating or thinking, thoughts of suicide, and hallucinations, delusions or paranoid thinking. Dr. Williamson found Claimant had extreme restrictions in activities of daily living and difficulty in maintaining social functioning. She found deficiencies in concentration, persistence, or pace which resulted in frequent failure to complete tasks in a timely manner. She also found Claimant had repeated episodes of decompensation or deterioration in work settings.

Dr. Williamson concluded Claimant had extreme limitations in

6

the areas of the ability to maintain attention and concentration for extended periods; the ability to perform activities within a schedule, maintain regular attendance, and be punctual within customary tolerances; and the ability to complete a normal workday and workweek without interruptions from psychologically based symptoms and to perform at a consistent pace without an unreasonable number and length of rest periods.

She also found Claimant had marked limitations in the areas of the ability to remember locations and work-like procedures; the ability to understand and remember detailed instructions; the ability to carry out detailed instructions; the ability to work in coordination with and proximity with others without being distracted by them; the ability to interact appropriately with the general public; the ability to accept instructions and respond appropriately to criticism from supervisors; the ability to get along with co-workers or peers without distracting them or exhibiting behavioral extremes; the ability to respond appropriately to changes in the work setting; and the ability to set realistic goals or make plans independently of others. (Tr. 297-98).

The ALJ discussed Dr. Williamson's findings in his decision. He recognized Dr. Williamson is not a treating physician and that "her opinion contrasts sharply and is without substantial support from other evidence of record, which obviously renders it less

7

persuasive." He then discusses the standard for evaluating Dr. Williamson's opinion and concludes that she does not indicate the records she relied upon or what objective testing on which she based her opinion. The ALJ determined Dr. Williamson's opinion is not entitled to controlling weight because it is in conflict with treatment records and other evidence. He also notes that the examination occurred upon referral from an attorney and to generate evidence for the appeal. Dr. Williamson was paid for the report. The ALJ states he gave the opinion due consideration but did not ignore the context in which it was produced. (Tr. 520-21).

Other medical records do not support the extent of Dr. Williamson's findings. On April 22, 2006, Dr. Beth Teegarden performed a Mental Status Examination on Claimant. She found Claimant to have a depressed mood, but clear speech, no psychomotor abnormality, logical and goal-directed thought processes, and intact memory, concentration, insight and judgment. (Tr. 226-27). Dr. Teegarden found no hallucinations or suicidal or homicidal ideations. Claimant reported that he lived with his mother and was very close with his children. She diagnosed Claimant with dysthymia, anxiety disorder, NOS, and polysubstance dependance, sustained full remission. (Tr. 226-27).

Additionally, Claimant's medical records from his treatment with the Veteran's Administration did not support the extent of

limitations found by Dr. Williamson.  On January 16, 2004, Dr. James M. Lee diagnosed Claimant with depression, single episode, in remission and controlled with medication.  (Tr. 374).  On March 5, 2005, Dr. Susan L. Grayson diagnosed Claimant with depression in partial remission and noted that he had only a mildly depressed mood and affect.  She also found Claimant had a GAF of 60.  (Tr. 197).  On February 21, 2006, Claimant's depression had improved with medication and he had a bright and appropriate mood and affect.  (Tr. 180).  On July 19, 2006, Claimant's mood was appropriate, he was alert and smiling, and he had no subjective complaints.  The ALJ recognized all of these medical findings in discounting Dr. Williamson's opinion.  (Tr. 519-21).

The ALJ is required to consider every medical opinion and must provide specific, legitimate reasons for rejecting it.  <u>Doyle v. Barnhart</u>, 331 F.3d 758, 764 (10th Cir. 2003).  In weighing the opinion, the ALJ is obligated to consider the factors in 20 C.F.R. §§ 404.1527(d) and 416.927(d).  The ALJ properly considered the relevant factors in these sections to reject Dr. Williamson's opinion.  This Court finds no error in his reasoned determination.

Claimant also asserts the ALJ failed to properly consider the opinion of Dr. Prock, Claimant's treating physician at the Veteran's Administration clinic for severe right knee pain.  On December 11, 2006, Claimant requested that Dr. Prock fill out a form to be

9

evaluated for chronic knee pain. (Tr. 391). Dr. Prock completed the form on the same date finding Claimant suffered from chronic pain, chronic stiffness, chronic swelling, limitation of motion, crepitus, instability and an inability to ambulate effectively due to the condition of his right knee. Dr. Prock considered the pain severe, finding he could not work, was limited to standing for 15 minutes at one time and sitting for 4 hours. He found Claimant could not lift any weight and could never bend, stoop, balance, climb ladders, or climb stairs. Dr. Prock concludes by stating "patient can't work due to knee pain." (Tr. 309).

The ALJ addressed Dr. Prock's opinion in his decision. He recognized Dr. Prock as one of Claimant's treating physicians and acknowledged that his medical source statement. However, he declined to give the opinion any weight in stating

> Dr. Prock's opinion contrasts sharply and is without substantial support from the other evidence of record, rendering it less persuasive. While the undersigned has carefully considered Dr. Prock's opinions, they cannot be given any weight because the opinion is so exaggerate (sic)_in relation to claimant's complains and medical record. The Administrative Law Judge finds that however bad claimant's knee, he could sit to work some hours in a work day and would not be restricted completely from lifting weight, bending or stooping due to his knee.

(Tr. 521).

To support this determination, the ALJ relies upon the consultative examination by Dr. Ravinder R. Kurella who examined

10

Claimant on April 15, 2006. Dr. Kurella noted that Claimant wore a knee brace with good relief from pain. In his assessment, Dr. Kurella found Claimant to have a history of right knee pain. Claimant had restriction in his range of motion in his right knee associated with pain. Claimant's gait was normal and stable and speed was adequate. Dr. Kurella found no risk of a fall. Both heel walking and toe walking were normal on both sides associated with knee pain on the right side. (Tr. 218-19).

Clearly, the ALJ preferred the opinion of a consulting examiner over that of a treating physician. the regulations provide that an ALJ will generally give more weight to the opinion of a treating source than to the opinion of a non-treating source. <u>Langley v. Barnhart</u>, 373 F.3d 1116, 1119 (10th Cir.2004) (citing 20 C.F.R. § 404.1527(d)(2)). In deciding how much weight to give the opinion of a treating physician, an ALJ must first determine whether the opinion is entitled to "controlling weight." <u>Watkins v. Barnhart</u>, 350 F.3d 1297, 1300 (10th Cir. 2003). An ALJ is required to give the opinion of a treating physician controlling weight if it is both: (1) "well-supported by medically acceptable clinical and laboratory diagnostic techniques"; and (2) "consistent with other substantial evidence in the record." <u>Id</u>. (quotation omitted). "[I]f the opinion is deficient in either of these respects, then it

11

is not entitled to controlling weight." Id.

Even if a treating physician's opinion is not entitled to controlling weight, "[t]reating source medical opinions are still entitled to deference and must be weighed using all of the factors provided in 20 C.F.R. § 404.1527." Id. (quotation omitted). The factors reference in that section are: (1) the length of the treatment relationship and the frequency of examination; (2) the nature and extent of the treatment relationship, including the treatment provided and the kind of examination or testing performed; (3) the degree to which the physician's opinion is supported by relevant evidence; (4) consistency between the opinion and the record as a whole; (5) whether or not the physician is a specialist in the area upon which an opinion is rendered; and (6) other factors brought to the ALJ's attention which tend to support or contradict the opinion. Id. at 1300-01 (quotation omitted). After considering these factors, the ALJ must "give good reasons" for the weight he ultimately assigns the opinion. 20 C.F.R. § 404.1527(d)(2); Robinson v. Barnhart, 366 F.3d 1078, 1082 (10th Cir. 2004)(citations omitted). Any such findings must be "sufficiently specific to make clear to any subsequent reviewers the weight the adjudicator gave to the treating source's medical opinions and the reason for that weight." Id. "Finally, if the

12

ALJ rejects the opinion completely, he must then give specific, legitimate reasons for doing so." Watkins, 350 F.3d at 1301 (quotations omitted). Other than concluding Dr. Prock exaggerated Claimant's condition, the ALJ failed to provide a specific, legitimate basis for preferring Dr. Kurella's opinion over than of Dr. Prock. On remand, the ALJ must make specific references to the medical record in order to justify giving the opinion no weight.

### Listing 12.04

Claimant contends the ALJ should have found he met the criteria for Listing 12.04. This listing extends to *Affective Disorders*. In order to meet a listing, a claimant must meet the criteria in both paragraph A to "substantiate medically the presence of a particular mental disorder" and paragraph B to describe "functional limitations that are incompatible with the ability to do any gainful activity." 20 C.F.R. Subpt. P., App. 1, § 12.00(A). The ALJ evaluated Claimant under Listing 12.04 and 12.06. The ALJ properly found Claimant met neither the paragraph A or B criteria. (Tr. 516). He also determined Claimant had not met the criteria for duration under paragraph C. Id.

In asserting a condition meets a listing, a claimant bears the burden of demonstrating that his impairment "meet[s] all of the specified medical criteria. An impairment that manifests only some

13

of those criteria, no matter how severe, does not qualify." Sullivan v. Zebley, 493 U.S. 521, 530 (1990). Under paragraph B, Claimant must demonstrate marked limitations in two of the three specified functional areas or marked limitation in one area and experience repeated episodes of decompensation. Listing 12.04(B). Claimant has not established any of the criteria to meet a listing in this case. The ALJ's analysis of the medical records which supports this finding is complete and supported.

**Step Five**

Because Dr. Prock's opinion was not adequately considered by the ALJ under the appropriate standard, it is possible that not all of Claimant's impairments were accurately represented in the ALJ's hypothetical questioning of the vocational expert. On remand, the ALJ shall re-evaluate his questioning in light of the final RFC.

**Obesity**

Claimant suggests the ALJ did not properly consider his obesity and the impact the condition has upon his ability to work. The ALJ states he considered the combined effects of Claimant's obesity upon his impairments. (Tr. 515). An ALJ is required to consider "any additional and cumulative effects" obesity may have upon other conditions from which a claimant suffers, recognizing that obesity combined with other impairments may increase the severity of the

14

condition. Soc. Sec. R. 02-1p; 20 C.F.R. Pt. 405, Subpt. P, App. 1 § 1.00(Q)(combined effect with musculoskeletal impairments). "[O]besity may increase the severity of coexisting or related impairments to the extent that the combination of impairments meets the requirements of a listing. This is especially true of musculoskeletal, respiratory, and cardiovascular impairments." Id. "Obesity in combination with another impairment may or may not increase the severity or functional limitations of the other impairment." Each case is evaluated on information in the case record. Id.

The ALJ in this case evaluated the effect of Claimant's obesity upon his ability to engage in work-related activities. This Court cannot conclude that the ALJ's method of analysis was flawed requiring reversal.

**Credibility Analysis**

It is well-established that "findings as to credibility should be closely and affirmatively linked to substantial evidence and not just a conclusion in the guise of findings." Kepler v. Chater, 68 F.3d 387, 391 (10th Cir. 1995). "Credibility determinations are peculiarly in the province of the finder of fact" and, as such, will not be disturbed when supported by substantial evidence. Id.

Factors to be considered in assessing a claimant's credibility

include (1) the individual's daily activities; (2) the location, duration, frequency, and intensity of the individual's pain or other symptoms; (3) factors that precipitate and aggravate the symptoms; (4) the type, dosage, effectiveness, and side effects of any medication the individual takes or has taken to alleviate pain or other symptoms; (5) treatment, other than medication, the individual receives or has received for relief of pain or other symptoms; (6) any measures other than treatment the individual uses or has used to relieve pain or other symptoms (e.g., lying flat on his or her back, standing for 15 to 20 minutes every hour, or sleeping on a board); and (7) any other factors concerning the individual's functional limitations and restrictions due to pain or other symptoms. Soc. Sec. R. 96-7p; 1996 WL 374186, 3.

An ALJ cannot satisfy his obligation to gauge a claimant's credibility by merely making conclusory findings and must give reasons for the determination based upon specific evidence. Kepler, 68 F.3d at 391. However, it must also be noted that the ALJ is not required to engage in a "formalistic factor-by-factor recitation of the evidence." Qualls v. Apfel, 206 F.3d 1368, 1372 (10th Cir. 2000). In this case, the ALJ properly considered Claimant's credibility in light of the medical record. (Tr. 521-22). No error is attributed to the ALJ's credibility analysis.

**Conclusion**

The decision of the Commissioner is not supported by substantial evidence and the correct legal standards were not applied. Therefore, this Court finds, in accordance with the fourth sentence of 42 U.S.C. § 405(g), the ruling of the Commissioner of Social Security Administration should be and is **REVERSED and the matter REMANDED** for further proceedings consistent with this Opinion and Order.

IT IS SO ORDERED this 20th day of March, 2014.

_____
KIMBERLY E. WEST
UNITED STATES MAGISTRATE JUDGE